## MORGANTHALER v. THE FIRST NATL. BANK OF BOWLING GREEN, OHIO.

*Corporations—Officers can not acquire interests adverse to company, when—Priority of mortgage to bank over deed to an officer.*

1. The entire management of corporate affairs is committed by statute to the officers and directors of the corporation, and they are required to act in the utmost good faith, and to exercise their power solely in the interest of the corporation, and courts will not permit a director or an officer to acquire interests adverse to the corporation, either knowingly, or when a proper discharge of his duty to the corporation would require him to know that he was acting against the interest of the corporation.

2. A mortgage executed to a cashier of a bank for the benefit of the bank, and assigned by the cashier to the bank, has priority over a deed of the same property to an officer of the bank, executed and left for record in the recorder's office before the mortgage was left for record.

(Decided June 2, 1919.)

ERROR: Court of Appeals for Wood county.

*Messrs. Riegle & Avery* and *Messrs. Hunt, Bennett & Utter,* for plaintiff in error.

*Mr. Benjamin F. James* and *Mr. Earl D. Bloom,* for defendant in error.

CHITTENDEN, J.  This action was brought by the First National Bank of Bowling Green to recover possession of certain real property. The title of the bank rests on a mortgage deed with conditions broken. The judgment of the Common Pleas Court was in favor of the plaintiff. Plaintiff in error alleges that the judgment is con-

trary to law, that it should have been for the
plaintiff in error instead of for the defendant in
error, and that the questions involved in this suit
were adjudicated finally in a former action. It is
asserted that by the evidence the bank is shown
to have no legal title to the property.

On the 25th day of June, 1894, one L. C. Cole
and Martha J. Cole, his wife, executed and de-
livered to B. D. Beers their two promissory notes
of $1,000 each, due respectively five and seven
months after date, and bearing interest at the rate
of 7% per annum. At the same time, and to se-
cure payment of these notes, they executed and
delivered to B. D. Beers their certain mortgage
deed conveying to Beers the property in the vil-
lage of Bowling Green sought to be recovered in
this action. Beers was at the time cashier of The
First National Bank of Bowling Green, and on the
same day he assigned and delivered to the bank
the notes and the mortgage securing the same.
The interest was paid to July 25, 1899. No pay-
ments were ever made on the principal.

On the 15th day of January, 1904, L. C. Cole
and his wife executed and delivered to the defend-
ant, Henry W. Morganthaler, their warranty deed
conveying to Morganthaler the same property de-
scribed in the mortgage theretofore given to the
bank. On the 16th day of February, 1904, the
deed was left for record with the recorder of
Wood county. On the following day, to-wit, the
17th day of February, 1904, the mortgage given
to the bank was left for record in the recorder's
office and was thereafter duly recorded.

In February, 1914, while the title was as above
recited, an action was brought by the bank to re-

cover possession of the real estate described in the conveyances. The case was tried to the court without the intervention of a jury, the result being a judgment dismissing the petition. The journal entry does not disclose the grounds of the decision, but as it appears that the assignment of the mortgage by Beers to the bank was neither witnessed nor acknowledged the judgment entered was required by the law as announced in *Walters* v. *Homberg*, 3 Ohio App., 326. Whether the common-law rule that a judgment in ejectment is not conclusive upon the question of title in any other action between the same parties has been changed or modified by statute, that is, by the code action to recover possession of real property, need not be discussed, for such action is not conclusive against an action based upon an after-acquired title.

On February 8, 1915, the bank obtained a deed from Beers, duly executed, conveying any and all interest of the grantor to the bank, and then the present action was begun.

It is contended that the first action is *res adjudicata* as to the issues presented in this action. It is asserted that the mortgage had no effect except as between the mortgagor and mortgagee until placed on record, and that therefore it could have no vitality to convey title until after the record of the mortgage, and that as it had not been recorded until after the deed had been executed and delivered to the defendant, the deed executed by Beers after that time was of no effect.

This question will be determined by our views on the effect of other transactions between the parties. In the first place it is contended that the

deed having been executed and delivered to Mor-
ganthaler before the mortgage was left for rec-
ord the title is acquired free from the lien of the
mortgage, although it had been executed and de-
livered many years before. This feature of the
case was disposed of by Judge Baldwin of the
Common Pleas Court in deciding a demurrer filed
to the petition in the first action. He held that
the contention of the defendant in that action
was fully sustained by the statutes and the de-
cisions of the Supreme Court except for the
reason that the mortgage was in fact one to
the bank, and the defendant being a stockholder,
officer and director of the bank was a party
in interest in the mortgage, and that as be-
tween him and the plaintiff it was not neces-
sary that it should be left for record in order to
give it force. We are in accord with the opinion
of Judge Baldwin in his decision upon the demur-
rer. We do, however, find that there is another
reason why the defendant cannot assert this de-
fense. The evidence discloses that he was one
of the incorporators and organizers of the bank,
that he was the vice-president and a director of
the bank from the time of its organization until
long after the matters complained of in this ac-
tion. It appears that he was perhaps for some
time a member of the finance committee, and that
he and the maker of the note, L. C. Cole, were en-
gaged together in a number of business affairs.
Mr. Morganthaler testifies that he had no actual
knowledge of the fact that Cole was indebted to
the bank, and did not learn that fact until after
he had recorded the deed from Cole. There is evi-
dence in the record, however, by Judge Nearing,

that they had discussed the Cole indebtedness, and that the advisability of filing the mortgage was suggested to Morganthaler before he secured his deed from Cole. It would be enough to sustain the holding of the trial court that the evidence is in conflict upon this question and that the decision is against the defendant, but we think the law presumes directors and officers of banks to have knowledge of the financial affairs of the bank, especially when they affect their personal transactions.

The entire management of corporate affairs is committed to the charge of the officers and directors of the corporation, upon the trust and confidence that such affairs shall be cared for and managed for the common benefit of the stockholders. They are required to act in the utmost good faith and to exercise their powers solely in the interests of the corporation. In the presence of the rule which requires the utmost good faith, and that the confidence reposed in the officers shall not be abused, courts will not permit a director to acquire interests adverse to his corporation, either, knowingly, or when a proper discharge of his duty to the corporation would require him to know that he is acting against the interests of the corporation. Under such circumstances courts will not hesitate, when necessary to protect the interests of the corporation, to declare such officer a trustee for the corporation. 7 Ruling Case Law, 483, Section 464. For a general discussion of the duties of officers in general we call attention to 7 Ruling Case Law, 456, Section 441.

We therefore hold that Mr. Morganthaler, when he took this deed and recorded it, had constructive

knowledge of the fact that the bank had a mortgage that had not been recorded, and that the evidence sustains a finding of actual notice. Having this knowledge, Mr. Morganthaler, as a director and vice-president of the bank, owed a duty to the bank to see that its mortgage was properly recorded so as to preserve the lien of the bank against the transfer of the property to himself. Having failed to require the recording of the bank's mortgage, thus permitting the bank to remain quiet while his deed was being executed, delivered and recorded, he is estopped now from asserting a priority of claim over that of the bank.

Finding no prejudicial error in the record, the judgment will be affirmed.

*Judgment affirmed.*

KINKADE and RICHARDS, JJ., concur.