OPINION
This appeal is brought by Appellant, Edwin Mack, from the judgments of the Common Pleas Court of Crawford County, Juvenile Division, adjudicating Appellant's four minor children neglected within the meaning of R.C. 2151.03, and ordering them to remain in the temporary custody of Appellee, Crawford County Children's Services Board ("CSB"). Because we find no merit to Appellant's arguments presented herein, we affirm the judgments of the trial court.
Appellant and his ex-wife, Kathleen, produced four children throughout their relationship: Crystal, born May 5, 1990; Jonathan, born April 30, 1993; Tara, born March 21, 1994; and Tonya, born June 12, 1989. Upon termination of the marriage in 1996, Appellant was awarded custody of the children, while the mother exercised visitation rights.
In July 1999, CSB received various complaints about the children and their living conditions. In particular, it was alleged that the children were homeless and that they were often dirty, unkempt and without suitable clothing. Based upon these allegations, CSB was able to secure an ex-parte order to remove the children from the father's custody until the court could conduct an emergency shelter care hearing. CSB subsequently took the children into its custody on August 4, 1999 while they were residing with Appellant in a local motel. At the same time, CSB filed a complaint for neglect, requesting the court to place the children in the agency's temporary custody.
The court held a shelter care hearing on August 6, 1999. At the conclusion of the proceeding, the court ordered the children taken into CSB's temporary custody and placed into foster care. The court specified that this order was to remain in effect pending a hearing on the agency's complaint.
A hearing on the matter took place in October 1999 wherein the court consolidated the children's cases for purposes of trial. After the presentation of evidence by both CSB and Appellant, the court adjudicated the children neglected. Immediately following the adjudication, the court addressed the issue of disposition and ordered, among other things, that the children remain in the agency's temporary custody in order to allow a case plan to be put into effect so as to assist Appellant with issues of parenting and responsibility. Appellant then filed the instant appeal, alleging various assignments of error for our review.
We point out that similar to the trial court proceedings, the children's cases have likewise been consolidated for purposes of this appeal. We also note that since Appellant's first and third assignments of error raise related issues, we have elected to discuss them together.
Assignment of Error I
 The trial court erred in taking custody of the children where the father's failures were solely rooted in his poverty.
 Assignment of Error III
 The trial court erred in taking temporary custody of the children where there was insufficient evidence that the children were in fact neglected.
 The complaint filed by CSB alleged that the Mack children were neglected because the "family is homeless; [the children] lack proper housing, food and clothing; [and they are] very dirty and unkempt in violation of R.C. 2151.03(A)(2)." This particular section of the Ohio Revised Code defines a "neglected child" as one "[w]ho lacks adequate parental care because of the faults or habits of the child's parents, guardian or custodian."
A finding of neglect must be supported by clear and convincing evidence. See R.C. 2151.35. "Clear and convincing evidence is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established."In re Weaver (1992), 79 Ohio App.3d 59, 64. In addition, unlike a finding of dependency under R.C. 2151.04, a court may not consider a child to be neglected unless the record contains proof of fault that the parent[s] willfully engaged in neglectful behavior. In re Riddle (1997), 79 Ohio St.3d 259, 262; In re Webb
(1989), 64 Ohio App.3d 280, 289.
Appellant argues herein that the record does not support the court's finding that the children were neglected. Rather, Appellant maintains that the trial court erred by relying exclusively on the fact that Appellant is indigent in order to remove the children from his custody. We disagree.
The transcript from the adjudicatory hearing demonstrates that these minor children, while perhaps not homeless in the traditional sense of the word and not without an adequate food supply, were living a transient, unstable existence without other basic necessities, such as proper clothing and attention to personal hygiene. The evidence establishes that Appellant and the children have relocated numerous times since the summer of 1997, and that the children frequently suffer from head lice. Two of the children missed twenty days of school during the 1997-98 academic year due to the problem. Indeed, the children's mother, Kathleen Mack, testified that when the children came for a visit in July 1999, they all had live bugs and nits in their hair; they did not have enough clothing, and what they did have was "filthy, stinking dirty."
Moreover, even though Kathleen Mack stated that she administered a shampoo treatment for the lice problem several times over the three days that the children stayed with her, the caseworker who eventually took the children into emergency custody approximately three weeks later testified that all of them were again suffering from lice. Rhonda Gilbert, an investigator for CSB, stated that on the day that the agency intervened, the children appeared "filthy" and "loaded with live bugs." At least one of the children did not own a pair of shoes; two of them did not have any underwear; and they all looked as if they hadn't had a change of clothes in about a month. In addition, Jonathan Mack smelled as though he had urinated in his pants.
We recognize that the father in this case is impoverished and without the means to provide his children with minor extras, let alone lavish gifts. Nonetheless, the evidence indicates that at all times the father has had the ability to perform basic parental duties, such as giving baths and washing clothes, but was unwilling to do so for whatever reason. These things required minimal effort and cleanliness on Appellant's part. Accord, In reBrodbeck (1994), 97 Ohio App.3d 652.
We also disagree with Appellant's contention that the judgment entry in this case is similar to the entry in In re Brown (1994),98 Ohio App.3d 337, in that it is not specific enough to abridge the fundamental right to parent one's own children. Here, the trial court stated with particularity that the reasons for the finding of neglect included the fact that the children frequently went without basic necessities and that they suffered from head lice on an almost constant basis.
In light of the foregoing, we conclude that the trial court's finding of neglect was supported by the requisite amount of proof that the father willfully failed to provide his children with adequate parental care. Thus, Appellant's first and third assignments of error are overruled.
Assignment of Error II
 The trial court erred by considering evidence of the failure of the father to have automobile insurance.
 In this assignment of error, Appellant claims that the trial court improperly considered evidence of his failure to secure auto insurance to conclude that the Mack children were "neglected" within the meaning of R.C. 2151.03. A trial court exercises broad discretion in the admission of evidence, and such a decision will not be overturned absent an abuse of discretion. State v. Heinish (1990), 50 Ohio St.3d 231. An appellate court should not reverse a judgment on the basis of inadmissible evidence unless the trial court actually relied on that evidence in making its decision. In re Sims (1983), 13 Ohio App.3d 37, 41. It is presumed that a trial judge is capable of discounting improper evidence. Id.
The judgment entry in this case makes no mention of Appellant's failure to obtain automobile insurance. Thus, outside of pure speculation, we cannot say that the trial court relied on this evidence in determining that the Mack children were neglected.
However, even if we were to assume for the sake of argument that the trial court relied on the evidence in question, we will not reverse the judgment without a showing of material prejudice. "It is well established that error `will not be deemed prejudicial where their avoidance would not have changed the result of the proceedings.'" Fada v. Information Sys. Networks Corp. (1994),98 Ohio App.3d 785, 792, quoting Walters v. Homberg (1914),3 Ohio App. 326, syllabus. That is, if we can conclude that the judgment would have been the same without the testimony regarding the auto insurance, then the admission of such evidence must be deemed harmless.
Based upon our prior discussion and the abundance of evidence concerning Appellant's neglect of his basic parental duties, we find that if the admission of the auto insurance testimony was erroneous, such error cannot be considered prejudicial in nature. Therefore, Appellant's second assignment of error is without merit and must be overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgments of the trial court are hereby affirmed.
Judgments affirmed.
 ______________________________ WALTERS, PRESIDING JUDGE
 HADLEY, P.J., and SHAW, J., concur.