MULBY v. DUNHAM et.

Ohio Appeals, 5th Dist., Knox Co.

No. 261. Decided Nov. 22, 1927.

Syllabus by Editorial Staff.

1012. REFORMATION OF INSTRUMENTS—775. Mistakes—165. Bonds.
1. In action to reform instrument on mistake, presumption is that contract or written instrument, as executed, contains agreement of parties, and to overcome this presumption the mistake must be proved by satisfactory evidence.
2. In absence of proof of clear and substantial nature. court of equity not authorized to reform contract or bond unless it appear that mistake has occurred or fraud has intervened.

First Publication of this Opinion.

Appeal from Common Pleas.
Judgment for defendant.

B. E. Sapp, Mt. Vernon and R. L. Carr, Cleveland, for Mulby.

Robt. J. Grossman and F. O. Levering, Mt. Vernon, for Dunham et.

## STATEMENT OF FACTS.

The relief sought by this suit, in the first cause of action, is to reform a certain supersedas bond executed by defendant, J. L. Dunham as principal, and the other defendants herein as sureties.

It is based on a claimed mistake in that it was intended that an undertaking in error was being executed and not a supersedas bond. It is conceded that no proceeding in error was prosecuted until two or three weeks after the filing of the supersedas bond.

The undisputed facts are: That a supersedas blank bond was requested, by one of the counsel for Dunham, of Clerk of Courts Sparks and that counsel and the clerk filled the blank spaces; that counsel took the bond and it was thereafter returned, either by counsel or Dunham, to the clerk, duly signed by Dunham, the principal, and the other defendants as sureties.

No evidence was offered to show that the signatures on said bond, by defendants or either of them was done by mistake or inadvertence or that it was done to defraud or wrong plaintiff.

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

HOUCK, J.

The presumption in law is that they signed the paper in question for the uses and purposes set forth and stated therein and for no other; and in the absence of proof to the contrary they are not legally chargeable with mistake or fraud.

There is no evidence that either of the defendants intended to sign or execute any other kind of bond or obligation than the one now in suit.

"When no question of fraud * * * and the right to reform an instrument is based solely on a mistake, it is necessary that the mistake be mutual * * *." 23 R. C. L., Section 20, page 327.

The general rule seems to be that in an action to reform an instrument for mistake, the presumption is that the contract or written instrument, as executed, contains the agreement of the parties, and to overcome this presumption the mistake must be proved by satisfactory evidence.

While a Court of Equity is clothed with broad powers, yet, in the absence of proof of a clear and substantial nature, it is not authorized to reform a contract or bond unless it is made to appear that a mistake has occurred of fraud has intervened; and equity will not make contract for the parties where they failed to do so themselves, except under the conditions thus indicated. Stewart v. Gordon et, 60 O. S. 170; Railroad Co. v. Bind, 89 OS. 92; Bank v. Carroll, 5 Ohio, 214.

Under the facts and the rules of law herein laid down, we are of the unanimous opinion that the plaintiff has failed in his proof to sustain the allegations of his petition and that judgment must be entered for the defendants.

(Shields and Lemert, JJ., concur.)