NORTON ET AL., APPELLANTS, *v.* CITY OF GALION ET AL., APPELLEES.

(No. 3-86-11—Decided
September 29, 1989.)

*Richard J. Makowski,* for appellants.

*Debra Garverick,* law director, and *James L. Hoover,* for appellee city of Galion et al.

*E. Richard Hottenroth,* for appellees Paulette K. Ritchey Boehm and Kenneth E. Durtsche.

EVANS, P.J. This is an appeal by John F. Norton and Charles Brown, appellants, from a judgment of the Court of Common Pleas of Crawford County, granting summary judgment in favor of the city of Galion, its mayor, its auditor, the members of city council, Paulette K. Ritchey Boehm and Kenneth E. Durtsche.

Appellants are attorneys at law engaged in the private practice of law in Ohio. Appellants provided legal services for the benefit of two Galion police officers who had been indicted by the Crawford County Grand Jury. After jury trials the police officers were acquitted.

Appellants concede that they have no express contract, either written or oral, for the payment of their legal fees. Appellants also concede that the evidence will not support a claim based on a contract implied in fact for the payment of their fees. Instead, appellants proceed to the theory of quantum meruit, claiming that the city and the officeholders named as defendants were all benefitted by the services rendered and therefore are obligated to pay the reasonable value thereof.

Appellants assign two errors, the first of which reads as follows:

"The trial court erred in granting summary judgment in favor of defendants, the city of Galion, its mayor, auditor and members of council."

Appellants seek to recover the unpaid portion of their legal fees from the city and its officeholders named in this assignment of error on the theory of quantum meruit. "Quantum meruit" "is an expression that describes the extent of liability on a contract implied by law. * * * [This is an] equitable doctrine, based on the concept that no one who benefits by the labor * * * of another should be unjustly enriched thereby; under those circumstances, the law implies a promise to pay a reasonable amount for the labor * * * furnished, even absent a specific contract therefor. * * *" Black's Law Dictionary (5 Ed. 1979) 1119. "The doctrine of unjust enrichment is that a person shall not be allowed to profit or enrich himself inequitably at another's expense, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made * * *." (Footnote omitted.) 18 Ohio Jurisprudence 3d (1980) 266, 268-269, Contracts, Section 342.

Thus, it is clear that the party seeking recovery on the basis of quantum meruit must be able to show some element of unjust enrichment of the defendants from whom recovery is sought. It is on this point that appellants' case fails. It is clear from the record that defendants Hickman and Weaver, the two city police officers,

were the real beneficiaries of the legal services performed by plaintiffs.

Appellants argue in their brief that the city of Galion and its mayor, safety services director and councilmen were benefitted by the acquittal of the city police officers in that the acquittal absolved the police officers (and consequently their superiors) of wrongdoing in the performance of official police work. Any benefit flowing to the city and its various officeholders because of the acquittal of the police officers was only incidental and was not sufficient to permit appellants to recover on the theory of quantum meruit. As noted, the direct benefit from the legal services rendered was received by the two city police officers, Hickman and Weaver.

The first assignment of error is overruled.

Appellants assert for their second assignment of error the following:

"The trial court erred in granting a summary judgment in favor of defendants Paulette Ritchey Boehm and Kenneth E. Durtsche."

We have already determined that the benefits derived from the legal services rendered were received by Hickman and Weaver and no one else. Thus the obligation to pay a reasonable amount for the services rendered rests with Hickman and Weaver. A promise to pay this obligation made by anyone other than Hickman and Weaver would be a special promise to answer for the debt of another. Under the language of R.C. 1335.05, such a special promise must be in writing to be enforceable.

The record in this case discloses no writing signed by either Paulette Ritchey Boehm or Kenneth E. Durtsche which could be interpreted as a promise to pay for the legal services in question. In the absence of such a writing the moving defendants are entitled to judgment as a matter of law.

The second assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHAW and MILLER, JJ., concur.