Defendant-appellant Todd Matthew Snyder appeals from a judgment classifying him as a sexual predator pursuant to R.C. Chapter 2950.
In 1992, Snyder pled guilty to one count each of Rape, Felonious Assault, and Aggravated Robbery in Case No. 92-CR-416, and to one count of Rape in Case No. 92-CR-1802. The trial court found Snyder guilty on those counts and sentenced him to a term of 25 to 65 years in prison.
On June 8, 1999, the trial court scheduled a sexual predator classification hearing regarding Snyder for June 28, 1999. On June 24, 1999, Snyder filed a Motion to Terminate Proceeding Regarding Classification as Sexual Predator, arguing that the sexual predator registration, notification, and adjudication provisions of R.C. Chapter 2950 were unconstitutional under both the United States and Ohio constitutions, because they violated the doctrine of separation of powers, as well as his rights to privacy and due process. The trial court overruled Snyder's motion in July, 1999, and rescheduled Snyder's hearing for September 3, 1999. After the hearing, the trial court issued an entry and order on September 9, 1999, classifying Snyder as a sexual predator and ordering him to register as a sex offender.
Snyder appeals from the trial court's decision to classify him as a sexual predator.
Snyder's First and Second Assignments of Error state as follows:
 THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S PRE-HEARING MOTION TO TERMINATE THE PROCEEDING TO CLASSIFY APPELLANT AS A SEXUAL PREDATOR WHEN IT FOUND THAT R.C. 2950.09 DID NOT VIOLATE APPELLANT'S RIGHT TO PRIVACY.
 THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S PRE-HEARING MOTION TO TERMINATE THE PROCEEDING TO CLASSIFY APPELLANT AS A SEXUAL PREDATOR WHEN IT FOUND THAT R.C. 2950.09 DID NOT VIOLATE APPELLANT'S DUE PROCESS RIGHTS.
This court has already considered and rejected both of these arguments in prior cases, see, e.g., State v. White
(Nov. 5, 1999), Miami App. No. 98-CA-37, unreported, andState v. Bradley (June 19, 1998), Montgomery App. Nos. 16662 16664, unreported, and we do so again here, for the same reasons stated in those cases. Snyder acknowledges that this court has already rejected these arguments, and states that he is raising them now merely to preserve his right to raise them on further appeal.
Snyder's First and Second Assignments of Error are overruled.
In his Third Assignment of Error, Snyder argues:
 THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S PRE-HEARING MOTION TO TERMINATE THE PROCEEDING TO CLASSIFY APPELLANT AS A SEXUAL PREDATOR WHEN IT FOUND THAT R.C. 2950.09 DID NOT VIOLATE THE DOCTRINE OF SEPARATION OF POWERS.
In White, supra, this court held that the provision contained in R.C. 2950.09(B)(2) which requires a trial court to consider certain evidentiary factors in determining whether someone was a sexual predator violated the doctrine of separation of powers inherent in the Ohio Constitution, because it encroached upon a core judicial function, to wit: the finding of a fact. Nevertheless, this court added:
[T]he purpose underlying R.C. 2950.01, et al., can be served by severing the factors set forth in R.C.2950.09(B)(2) from the rest of the statute, and enforcing the statute minus the prescribed factors. This may be accomplished without mandating that trial courts consider certain factors in making the requisite finding of fact. Consequently, we only find the mandated consideration of factors to be unconstitutional, not the balance of the statute.
In light of our holding in White, supra, the trial court erred by ruling that the provision in R.C. 2950.09(B)(2) thatrequires a trial court to consider a certain list of factors did not violate the separation of powers doctrine. Nevertheless, we conclude that such error was harmless under the circumstances of this case.
Pursuant to the "harmless error" rule, a judgment will not be reversed on the basis of an error which does not materially prejudice the complaining party. Fada v. Information Sys. Networks Corp. (1994), 98 Ohio App.3d 785, 792. Errors are not prejudicial where their avoidance would not have changed the outcome of the proceedings. Id.
Here, there is nothing in the record to indicate that the result would have been different had the trial court determined that it was not required to consider the factors listed in R.C.2950.09(B)(2) when making its determination of Snyder's status as a sexual predator. Indeed, not only does Snyder fail to provide an explanation as to how this error prejudiced him, he requests that we remand the case on the basis of another assignment of error, instead of this one. Specifically, Snyder states:
 [w]hile Appellant in this case agrees with the Court of Appeals [in White, supra,] that R.C. 2950.09(B)(2) is unconstitutional in that it violates the separation of powers doctrine, Appellant in this case would request that the Court remand this case back to the trial court and require it to hold a new hearing at a later date, pursuant to the Appellant's Fourth Assignment of Error[.]
It appears that Snyder's rationale for not seeking a remand based on our holding in White stems from his realization that the only remedy he would receive pursuant to that decision is a limited remand to the trial court, ordering it to re-determine the sexual predator classification issue with the understanding that it was not required to consider the factors set forth in R.C. 2950.09(B)(2). We expressly stated in White
that the trial court was not required to hold a new hearing on the issue.
In light of the foregoing, Snyder's Third Assignment of Error is overruled.
Snyder's Fourth Assignment of Error states:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT APPELLANT'S MOTION TO CONTINUE THE SEXUAL PREDATOR HEARING.
Immediately prior to the hearing, Snyder made an oral motion seeking a continuance on the grounds that he had not had an opportunity to participate in the Polaris treatment program for sexual offenders, as he had been ordered to do by Judge Richard Dodge at the time of his sentencing. The trial court overruled Snyder's motion. Snyder argues that the trial court abused its discretion by doing so. We disagree.
The decision whether to grant a continuance lies in the "broad, sound discretion" of the trial court, and its decision will not be reversed unless it has abused its discretion. Statev. Unger (1981), 67 Ohio St.2d 65, syllabus. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157.
The trial court explained its reasons for overruling Snyder's motion for a continuance as follows:
 [t]he record should reflect that the State of Ohio did not dictate nor request that the hearing be held at this time. This Court, my colleagues, my ten colleagues are faced with designating approximately 340 sexually oriented offenders that are currently in penal institutions through the Adult Probation Department. We're attempting to identify these individuals and hold the hearings as soon as humanly possible so we're not caught in a situation where we find the Parole Board advising us that someone is going to be released next week and we do not have ample time to hold a hearing.
So this hearing was set by the Court with the assistance of Adult Probation Department, not a date chosen by the State of Ohio.
Secondly, in response to your arguments, Mr. Popp [Snyder's counsel], this Court can never predict what the Parole Board is going to do. So none of us in this room knows whether or not [Snyder will be released] at his next parole hearing * * *.
And, lastly, despite what Judge Dodge ordered that the defendant should be placed in the Polaris program, I think all of us have learned that we can place that in a judgment entry, but once the defendant is delivered to an institution, the Court cannot control the Department of Corrections. So whether or not Mr. Snyder is ever placed in the Polaris program is beyond my control. It was beyond Richard Dodge's control many years ago.
For all those reasons, your motion for continuance is denied.
We can discern no abuse of discretion in the trial court's ruling.
Snyder's Fourth Assignment of Error is overruled.
In his Fifth Assignment of Error, Snyder alleges that:
 THE TRIAL COURT'S DETERMINATION THAT THE APPELLANT WAS A SEXUAL PREDATOR WAS NOT SUPPORTED BY THE FACTS AND CIRCUMSTANCES OF THE CASE.
Snyder contends that the trial court erred in classifying him as a sexual predator because the State failed to present clear and convincing evidence that he is likely to engage in the future in one or more sexually oriented offenses. We disagree.
A trial court must determine by clear and convincing evidence that an offender is a sexual predator before classifying him as such. See R.C. 2950.09(C)(2)(b). "`Sexual predator' means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). "Clear and convincing evidence is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
Here, the evidence in the record showed that Snyder, who was 23 at the time of the hearing, has a lengthy history of unlawful and violent behavior, including what the State refers to as "an escalating history of sexual acting out." For instance, when he was only ten years old, he began to intentionally brush up against women in department stores several times a week. After progressing to highly explicit pornography, voyeurism, and telephone sex calls in his early teens, Snyder began to grab women's buttocks as he rode past them on his bicycle. By the summer of 1991, Snyder began fantasizing about raping a woman. Shortly thereafter, Snyder acted on his fantasy by raping a 28 year-old woman. A little over a month later, Snyder raped a 58 year-old woman, and brutally beat her when she tried to resist. After raping his 58 year-old victim, Snyder psychologically tortured her by urging her to kill herself with a knife and by threatening several times to kill her, himself. While Snyder expressed remorse for his crimes at the hearing, in the past, the only regret he expressed with respect to his 58 year-old victim was that he did not "slit her wrists or stab her," since "[i]t might have been days before they found her."
At the time of his initial confinement, mental health professionals deemed Snyder to be at high risk for re-offending. Despite his alleged desire to seek treatment in the Polaris and Magellan sex offender treatment programs, a June 4, 1999 Supplemental Report to Presentence Investigation revealed that, although Snyder completed the first step of a treatment program for sexual offenders, he "has not re-involved himself in any sex offender treatment programs nor is he on any of the waiting lists." Furthermore, a forensic evaluation performed by Dr. Daniel Hrinko around the time of Snyder's sexual predator classification hearing indicated that "offenders typically do not indicate an [sic] significant decrease in their risk for future offenses until significantly older than [Snyder's] current age of 23." In light of the foregoing, there was ample evidence presented to support the trial court's determination that Snyder is likely to engage in the future in one or more sexually oriented offenses.
Snyder's Fifth Assignment of Error is overruled.
Having overruled all of Snyder's assignments of error, the judgment of the trial court is affirmed.
GRADY, P.J. and YOUNG, J., concur.
(Hon. George M. Glasser, Retired from the Court of Appeals, Sixth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).