OPINION
{¶ 1} Defendant-Appellant, Verlin Barth, doing business as Barth Building Supply, Inc. ("Barth"), appeals a decision of the Defiance Municipal Court awarding Plaintiff-Appellee, Ronald Eberly, $4,500 for relocating a pond. On appeal, Barth contends that Eberly failed to perform the original pond excavation in a workmanlike manner. However, as a subcontractor, Eberly reasonably relied upon the express directions of the contractor, Barth; therefore, we are unable to find that the excavation was completed with a deficient degree of care. Barth further maintains that the trial court erred in finding that the parties had an implied contract to relocate the pond. Because Eberly properly completed the express contract between the parties, Barth's failure to pay for Eberly's services relating to the relocation of the pond would unjustly enrich Barth. As such, we affirm the decision of the trial court.
 {¶ 2} In November 1996, the parties entered into an oral contract whereby Eberly, acting as Barth's subcontractor, would excavate a pond on a parcel of property where Barth had been contracted to complete a construction project. For his services, the parties agreed Eberly would receive a flat fee of $2,850. Prior to digging the pond and with assistance from the landowners, Barth mowed an area among tall weeds on the property to outline the location of the pond, which Eberly used as a guide to complete the project. Once the pond was finished, Eberly was paid according to the parties' agreement.
 {¶ 3} Approximately six weeks following completion of the pond, Barth was notified by the adjoining property owners that the pond encroached upon their land. Eberly was contacted by Barth about relocating the pond, and after Eberly re-excavated the pond, he billed Barth $4,500 for the work, noting that the pond was twice as difficult and took twice as long to redo. However, Barth refused to pay for the services rendered, claiming that Eberly had improperly dug the first pond and was, thus, responsible for the cost of correcting the problem.
 {¶ 4} In February 2002, Eberly filed a complaint in the Defiance, Ohio Municipal Court to recover the billed amount. The trial court found that the parties had an implied contract and that Eberly was entitled to $4,500, the reasonable value of his services. From this decision, Barth appeals, asserting two assignments of error for our review.
Assignment of Error I
 The trial court erred as a matter of law in failing to find that the Appellee had an implied duty to construct the pond in a workmanlike manner by excavating the pond on the homeowner's property.
 {¶ 5} For his first assignment of error, Barth contends that Eberly did not perform the excavation in a workmanlike manner because the first pond encroached upon the adjoining property owners' land. The well established law is that builders and contractors have a duty to perform their services in a workmanlike manner.[1] "Workmanlike manner" is a standard that requires a construction professional to act reasonably and to exercise that degree of care which a member of the construction trade in good standing in that community would exercise under the same or similar circumstances.[2]
 {¶ 6} Herein, the evidence reveals that the parties entered into an oral contract to excavate the pond. Furthermore, the evidence supports the finding that Barth specified the location of the pond by mowing a portion of high weeds to designate the pond's boundaries, and Eberly dug the pond within the confines of the mowed portion. Upon completion, Eberly was paid the full contract price. Additionally, evidence reveals that Barth was on-site conducting various construction projects for the landowners during and after the pond's excavation. Approximately six weeks passed before the adjoining land owners brought it to Barth's attention that the pond encroached upon their property.
 {¶ 7} Under these circumstances, we find that Eberly reasonably relied on Barth's representations as to the location of the pond. We are unable to say that Eberly, as a subcontractor, exercised a deficient degree of care while acting upon the contractor's express direction.[3]
Accordingly, we find Barth's first assignment of error to be without merit, and it is hereby overruled.
Assignment of Error II
 The trial court erred as a matter of law by concluding that the appellant and Appellee had a contract implied in law to relocate the pond.
 {¶ 8} The record herein is replete with evidence that the parties did not have an express contract with regard to re-excavating the pond. "A contract is a promise or a set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes a duty."[4] In order for a party to be bound to a contract, the party must consent to its terms, the contract must be certain and definite, and there must be a meeting of the minds of both parties.[5]
 {¶ 9} With regard to digging the second pond, the parties herein were clearly not of one mind concerning their agreement. The evidence supports the finding that Eberly thought he would be paid according to the cost of materials and the time spent completing the project. Meanwhile, Barth thought that Eberly would not be paid because he felt the misplacement of the pond was Eberly's mistake and that relocation of the pond was merely an extension of the parties express contract. As such, no express contract was entered with regards to the relocation of the pond.
 {¶ 10} However, "[t]he doctrine of unjust enrichment provides an equitable remedy, under which the court implies a promise to pay a reasonable amount for services rendered where a party has conferred a benefit on another without receiving just compensation for his or her services."[6] Therefore, under the theory of quantum meruit, a party may recover compensation where an unjust enrichment would result if the recipient were permitted to retain the benefit without paying for it.[7]
In other words, as an action in quasi contract to remedy an unjust enrichment, "the law implies a promise to pay a reasonable amount for services in the absence of a specific contract."[8]
 {¶ 11} Herein, Eberly completed the relocation of the pond requested by Barth, and, as such, conferred a benefit upon Barth and expended time and materials while doing so. Accordingly, because we previously found that Eberly properly completed the express contract between the parties, to remain unpaid for his services relating to relocating the pond would unjustly enrich Barth. As such, we find that the trial court correctly found an implied promise for Barth to pay Eberly a reasonable amount for the services rendered. For these reasons, Barth's second assignment of error is hereby overruled.
 {¶ 12} Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
 SHAW and CUPP, JJ., concur.
[1] Jenkins v. Huebner, Van Wert App. No. 15-01-12, 2002-Ohio-698, citing Barton v. Ellis (1986), 34 Ohio App.3d 251, 253.
[2] Id., citing 2 Restatement of Law 2d, Torts (1965) 73, Section 299A. See, also, Huston v. Konieczny (1990), 52 Ohio St.3d 214,217.
[3] Nelson v. Roberts (Mar. 14, 1990), Summit App. No. 14339. See, also, Rheiner v. Varner (1981), 627 S.W.2d 459, 464.
[4] Rasnick v. Tubbs (1998), 126 Ohio App.3d 431, 434, quotingFord v. Tandy Transp., Inc. (1993), 86 Ohio App.3d 364, 380.
[5] Id., citing Episcopal Retirement Homes, Inc. v. Ohio Dept.of Indus. Relations (1991), 61 Ohio St.3d 366, 369.
[6] Saraf v. Maronda Homes, Inc. of Ohio, Franklin App. No. 02AP-461, 2002-Ohio-6741, ¶ 11.
[7] Id., citing Paugh Farmer, Inc. v. Menorah Home for JewishAged (1984), 15 Ohio St.3d 44. See, also, Norton v. City of Galion
(1989), 60 Ohio App.3d 109, 110.
[8] Johnson v. Kappeler, Miami App. No. 01-CA-26, 2001-Ohio-7088.