{¶ 1} Plaintiff-Appellant, John Yoder ("Appellant"), appeals a Defiance Municipal Court judgment enforcing the express terms of a commercial real estate sales contract with Defendant-Appellee, Paradigm Acquisitions ("Paradigm"), that provided for the payment of prorated property taxes on the date of closing, despite a subsequent tax reduction. On appeal, Appellant contends that Paradigm was unjustly enriched by an alleged overpayment of property taxes; however, because an express contract provided the method in which to prorate the taxes, unjust enrichment will not provide a remedy. Additionally, Appellant claims that the contract should be rescinded based upon a mutual mistake. Proration is, however, necessarily based upon speculation and Appellant does not contend that the taxes were prorated in a manner different from what the contract provided; therefore, the tax reduction following closing is not a mutual mistake of the parties. Accordingly, we affirm the trial court.
 {¶ 2} In 2000, Appellant purchased an industrial complex in Defiance, Ohio. Thereafter, he entered into a sales contract with Paradigm to sell a portion of the property. The sales agreement provided by Appellant was executed in June 2001, and stated that "real property taxes and assessments (per local custom), if any, shall be prorated as of closing."
 {¶ 3} Closing took place on November 9, 2001, between representatives of Paradigm and Appellant. Paradigm noted that the settlement statement did not provide for the proration of taxes as outlined in the sales agreement. Consequently, Paradigm refused to close until proration was completed per the terms of the sales agreement. Thereafter, according to the figures from the existing tax duplicate and per local custom, the taxes were calculated at $18,287.11, and paid to Paradigm, completing closing on the property.
 {¶ 4} Prior to closing, Appellant sought to have the property taxes reduced. Following closing, he requested that the parties refigure the tax proration based upon reduced taxes when the new tax bills came out in January 2002. Upon Paradigm's refusal to renegotiate, Appellant filed suit in the Defiance Municipal Court, claiming that Paradigm was unjustly enriched in the amount of $13,132.67, due to the allegedly mistaken calculation of taxes.
 {¶ 5} Both parties filed competing motions for summary judgment. On December 11, 2002, the trial court granted Paradigm's motion with regards to the tax proration, finding that the parties were bound by their contracts and that Appellant had the option to not close the transaction pending the new tax assessments. From this decision, Appellant appeals, asserting a single assignment of error for our review. Because this appeal arises from a grant of summary judgment, we will begin by setting forth our standard of review.
 Standard of Review {¶ 6} Under Ohio law, a court may not grant a motion for summary judgment unless the record demonstrates: (1) that no genuine issue of material fact remains to be litigated; (2) that the moving party is entitled to judgment as a matter of law; and (3) that, after considering the evidence most strongly in the nonmovant's favor, reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made.[1] In ruling on a summary judgment motion, the trial court is not permitted to weigh evidence or choose among reasonable inferences; rather, the court must evaluate evidence, taking all permissible inferences and resolving questions of credibility in favor of the nonmovant.[2] Appellate review of summary judgment determinations is conducted on a de novo basis;[3]
therefore, this Court considers the motion independently and without deference to the trial court's findings.[4]
 Assignment of Error I
 The trial court erred in allowing the Appellee to retain $13,132.67, which is did not deserve to keep based upon the doctrine of unjust enrichment and quantum meruit.
 {¶ 7} For his assignment of error, Appellant apparently claims both that Paradigm was unjustly enriched, thus entitling him to recovery under quantum meruit theories, and that the tax should be recalculated because of a mutual mistake of the parties concerning the amount of taxes to be paid. Based upon the following rationale, we disagree.
 {¶ 8} "The doctrine of unjust enrichment provides an equitable remedy, under which the court implies a promise to pay a reasonable amount for services rendered where a party has conferred a benefit on another without receiving just compensation for his or her services."[5]
Therefore, under the theory of quantum meruit, a party may recover compensation where an unjust enrichment would result if the recipient were permitted to retain the benefit without paying for it.[6] In other words, as an action in quasi contract to remedy an unjust enrichment, "the law implies a promise to pay a reasonable amount for services in the absence of a specific contract."[7] Furthermore, Ohio law clearly mandates that
 an equitable action in quasi contract for unjust enrichment will not lie when the subject matter of that claim is covered by an express contract or a contract implied in fact. The mere fact that issues exist as to the creation of the contract or the construction of its terms does not alter this rule. Thus, unless fraud or illegality occur, a party to an express agreement, which contains a provision governing the allegedly inequitable conduct, may not bring an unjust enrichment claim.[8]
 {¶ 9} Herein, the proration of taxes was specifically governed by the parties sales agreement, which stated that "real property taxes and assessments (per local custom), if any, shall be prorated as of closing." Neither party disputes that the proration occurred pursuant to the local custom of Defiance County. Accordingly, because an express contract governed the parties actions, "[i]t is not the responsibility or function of this [C]ourt to rewrite the * * * contract in order to provide for a more equitable result."[9]
 {¶ 10} Additionally, while "under certain circumstances, a mutual mistake is a sufficient basis to rescind a contract,"[10] the facts here demonstrate that rescission based on mutual mistake would be improper. The Ohio Supreme Court confirmed that Ohio follows the test enunciated in the Second Restatement of Contracts when addressing questions of mutual mistake.[11] The Restatement provides:
 [w]here a mistake of both parties at the time a contract was made as to the basic assumption on which the contract was made has a material effect on the agreed exchange of performances, the contract is voidable by the adversely affected party unless he bears the risk of the mistake under the rule stated in § 154.[12]
 {¶ 11} A party bears the risk of a mistake when "he is aware, at the time the contract is made, that he had only limited knowledge with respect to the facts to which the mistake relates but treats its limited knowledge as sufficient."[13] Furthermore, reformation of a contract based on mutual mistake is allowed only where there is clear proof that the parties made the same mistake and that both parties understood the contract as the complainant alleges it ought to have been.[14]
 {¶ 12} Initially we note that neither of the parties herein allege that there was a mistake in the formation of the sales contract, which provided the method taxes would be prorated. The calculation of taxes is necessarily speculative, as taxing authorities may independently increase or reduce them. Thus, neither party could have known when the sales agreement was executed nor at closing that the taxes would subsequently be reduced. Only after closing, when Appellant became aware that the taxes were subject to a reduction, did he claim there was a mutual mistake. Neither Paradigm nor Appellant contend that the taxes were prorated in a manner different from what the contract provided; instead, Appellant argues the tax reduction following closing gave rise to a mutual mistake. Such is not the type of situation where rescission would be appropriate.
 {¶ 13} Based upon the foregoing, we overrule Appellant's sole assignment of error.
 {¶ 14} Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
 SHAW and CUPP, JJ., concur.
[1] Civ.R. 56(C); Horton v. Harwick Chem. Corp. (1985),73 Ohio St.3d 679, 686-87.
[2] Good v. Krohn, 151 Ohio App.3d 832, 2002-Ohio-4001, ¶ 7, citing Jacobs v. Racevskis (1995), 105 Ohio App.3d 1, 7.
[3] Griner v. Minster Bd. of Edn. (1998), 128 Ohio App.3d 425,430.
[4] J.A. Industries, Inc. v. All American Plastics, Inc. (1999),133 Ohio App.3d 76, 82.
[5] Saraf v. Maronda Homes, Inc. of Ohio, Franklin App. No. 02AP-461,2002-Ohio-6741, ¶ 11.
[6] Saraf, supra, at ¶ 11, citing Paugh Farmer, Inc. v.Menorah Home for Jewish Aged (1984), 15 Ohio St.3d 44. See, also,Norton v. Galion (1989), 60 Ohio App.3d 109, 110.
[7] Johnson v. Kappeler, Miami App. No. 01-CA-26, 2001-Ohio-7088.
[8] Id. See, also, In re Guardianship of Freeman, Adams App. No. 02CA737, 2002-Ohio-6386, ¶ 29; Saraf, supra, at ¶ 12.
[9] Robert W. Clark, M.D., Inc. v. Mt. Carmel Health (1997)124 Ohio App.3d 308, 319, quoting Aultman Hosp. Assn. v. Community Mut.Ins. Co. (1989), 46 Ohio St.3d 51, 54-55.
[10] Fada v. Information Sys. Networks Corp. (1994),98 Ohio App.3d 785,790.
[11] Reilley v. Richards (1994), 69 Ohio St.3d 352, 353. See, also,J.A. Indus., Inc. v. All Am. Plastics, Inc. (1999), 133 Ohio App.3d 76,85.
[12] 1 Restatement of Contracts 2d (1981) 385, Section 152(1);J.A. Indus., Inc., 133 Ohio App.3d at 85.
[13] 1 Restatement of Contracts, supra, Section 402-403, 154(b).
[14] Merrill v. Hamilton (1982), 9 Ohio App.3d 111, 112, citingMulby v. Dunham (1927), 29 Ohio App. 51.