[Cite as *Filby v. Heffter & Russell, L.L.C.*, 2018-Ohio-1333.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

| | | |
|---|---|---|
| DAVID L. FILBY, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2017-G-0128** |
| HEFFTER & RUSSELL, L.L.C., et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Geauga County Court of Common Pleas.
Case No. 2016 PTR 000317.

Judgment: Affirmed.

*David L. Filby*, pro se, 63 Sector Drive, Bedford, OH 44146 (Plaintiff-Appellant).

*Kurt D. Anderson*, Collins, Roche, Utley & Garner LLC, 800 Westpoint Parkway, Suite 1100, Westlake, OH 44145 (For Defendants-Appellees).

TIMOTHY P. CANNON, J.

{¶1} Appellant, David L. Filby, appeals the June 6, 2017 judgment of the Geauga County Court of Common Pleas, granting appellees' motion for summary judgment. For the following reasons, the judgment of the trial court is affirmed.

{¶2} This case stems from appellant's divorce litigation in the Geauga County Court of Common Pleas. Appellant initially represented himself in the divorce proceedings. After he was held in contempt of court, appellant retained Sarah L. Heffter, Esq. to represent him.

{¶3} Appellant was held in contempt in the divorce proceeding for the following reasons: failing to comply with multiple orders instructing him to comply with plaintiff's discovery requests; failing to appear at a hearing; and failing to pay the court ordered deposit fee to the guardian ad litem ("GAL"). As punishment for his contempt, the trial court sentenced appellant to 30 days in jail and ordered him to pay a fine. He was also ordered to submit to a psychological evaluation. The trial court further noted that if appellant continued to fail to comply with its orders, he could be precluded from presenting evidence at trial. Appellant was permitted to purge his sentence and suspend the fine by responding to all outstanding discovery requests and paying the outstanding GAL deposit.

{¶4} Ultimately, appellant failed to purge. He served time in jail and was precluded from presenting evidence at the divorce trial. With the permission of the trial court, Attorney Heffter eventually withdrew as appellant's counsel.

{¶5} On February 25, 2016, appellant filed a complaint against Attorney Heffter, and Heffter & Russell, L.L.C., appellees herein, in the Cuyahoga County Court of Common Pleas. The complaint contained 216 claims, alleging Attorney Heffter had committed malpractice while representing appellant in the divorce action. The complaint specified causes of action for negligence, gross negligence, negligence per se, willful misconduct, complicity to misconduct, criminal misconduct, complicity to crime, and fraud.

{¶6} Appellant filed a motion for summary judgment on April 11, 2016. Venue for the case was subsequently transferred to the Geauga County Court of Common Pleas, which denied the motion for failure to comply with Civ.R. 56.

2

{¶7} On December 23, 2016, appellees filed a motion for summary judgment. Appellant filed a brief in opposition on January 18, 2017. Appellant also filed an "Affidavit Response to Defendant's Motion for Summary Judgment."

{¶8} On March 16, 2017, the trial court issued an order instructing the parties to file "supplemental briefs and such materials as permitted by Civ.R. 56(C) addressing Plaintiff's claim that Defendant Heffter committed fraud" by March 29, 2017. Appellant filed a brief pursuant to that order, and appellees subsequently filed a response brief.

{¶9} On June 6, 2017, the trial court entered judgment, granting summary judgment in favor of appellees. The trial court noted the only causes of action in the pleadings that were viable civil causes of action were for legal malpractice and fraud. The trial court found appellant failed to support his claim for fraud, and there was no evidence of fraud before the court. The trial court further granted appellees' motion for summary judgment on the claim for legal malpractice.

{¶10} On October 16, 2017, after appellant filed his notice of appeal and his appellate brief in this court, the trial court declared appellant a vexatious litigator in the divorce action. This order required appellant to seek leave to proceed from the courts in Ohio for any new or pending case in which appellant was a party. Appellant did not request leave to proceed with his pending appeal in this court.

{¶11} On February 1, 2018, this court ordered, sua sponte, that appellant show cause why his appeal should not be dismissed for his failure to request leave to proceed with his pending appeal. *See* R.C. 2323.52(D)(3) & (I). In response, appellant filed a request for leave to proceed. Appellee filed a brief in opposition. Because appellant filed his appeal and his appellate brief in this case prior to the order finding him to be a

3

vexatious litigator, we find these proceedings "are not an abuse of process," and we will address appellant's assignments of error.  R.C. 2323.52(F)(2).

{¶12}  Appellant raises two assignments of error on appeal:

> [1.] The trial court's judgment entry committed prejudicial error by granting Defendant-Appellee summary judgment.  The trial court errs when it states the following: 'This matter is before the Court on cross motions for summary judgment.'  The trial court's judgment is likewise in error in the last paragraph where it states: 'In summary this matter comes before the Court on cross motions for summary judgment.  The motion of the Plaintiff is denied.  The motion of the Defendants is granted. . .'

> [2.] The trial court's judgment entry committed prejudicial error by granting Defendant-Appellee summary judgment.  The trial court errs where it states 'Defendant Attorney Heffter has provided an affidavit stating that legal representation was within the appropriate standards of practice required of a lawyer.  Plaintiff has provided no counter evidence as required by Rule 56.  Summary judgment is therefore granted and so ordered. . .'

{¶13}  Appellate courts review a trial court's entry of summary judgment de novo, i.e., "independently and without deference to the trial court's determination."  *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 711 (4th Dist.1993) (citation omitted); *see also Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶14}  In his first assignment of error, appellant maintains the trial court incorrectly refers to "cross motions for summary judgment" in its judgment entry, as appellant did not file a motion for summary judgment.  Appellant argues this error brings the trial court's "accuracy and disposition * * * into question" and that "[i]f any question as to the accuracy, disposition, or thoroughness, or procedure of the trial court is brought into question, then a substantive right to process has been violated."

{¶15}  Pursuant to Civ.R. 61, "no error or defect in any ruling or order * * * is ground for * * * disturbing a judgment or order, unless refusal to take such action appears to the

4

court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." *See also* R.C. 2309.59 ("the [reviewing] court shall disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party").

{¶16} "The critical inquiry * * * is whether the trial court's erroneous statement materially prejudiced the appellants." *Fada v. Information Sys. & Networks Corp.*, 98 Ohio App.3d 785, 792 (2d Dist.1994). "When avoidance of the error would not have changed the outcome of the proceedings, then the error neither materially prejudices the complaining party nor affects a substantial right of the complaining party." *Theobald v. Univ. of Cincinnati*, 10th Dist. Franklin No. 02AP-560, 2005-Ohio-1510, ¶17, citing *Fada*, *supra*, at 792.

{¶17} Appellant fails to demonstrate that the trial court's reference to "cross motions" for summary judgment prejudiced him or affected his substantial rights. This is particularly true in light of the fact that we do not give deference to the trial court's ruling in this instance.

{¶18} While appellant did not file a motion for summary judgment that complied with Civ.R. 56, he did file a "brief regarding fraud" and was afforded the opportunity to provide Civ.R. 56(C) material in accordance with the trial court's March 16, 2017 order. Appellant also filed a brief in opposition to appellees' motion for summary judgment. Therefore, we find the trial court's inadvertent reference to "cross motions" for summary judgment did not change the outcome of the proceedings.

{¶19} Further, appellant does not provide any legal authority in support of his arguments. This failure is itself a sufficient ground to find appellant's assignment of error without merit. *See Dilley v. Dilley*, 11th Dist. Geauga No. 2017-G-0115, 2017-Ohio-8439, ¶9, quoting App.R. 16(A)(7) ("an appellant's brief must include '[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies'").

{¶20} Appellant's first assignment of error is without merit.

{¶21} In his second assignment of error, appellant argues the trial court failed to acknowledge or consider the evidence pertaining to the legal malpractice claim submitted in support of his brief in opposition to summary judgment.

{¶22} Summary judgment is proper when

> (1) [n]o genuine issue as to any material fact remains to be litigated;
> (2) the moving party is entitled to judgment as a matter of law; and
> (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court [e.g., pleadings, depositions, answers to interrogatories, etc.] which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996), citing Civ.R. 56(C) and *Celotex Corp v. Catrett*, 477 U.S. 317, 323-324 (1986). If the moving party satisfies this burden, the nonmoving party has

6

the reciprocal burden to provide evidence demonstrating a genuine issue of material fact, pursuant to Civ.R. 56(E). *Id.* at 293.

**{¶23}** "To establish a claim for legal malpractice, a plaintiff has the burden to submit evidence tending to show the following '(1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by the law, and (3) that there is a causal connection between the conduct complained of and the resulting damage [or] loss.'" *Brown v. Morganstern*, 11th Dist. Trumbull No. 2002-T-0164, 2004-Ohio-2930, ¶36, quoting *Vahila v. Hall*, 77 Ohio St.3d 421, 427 (1997).

**{¶24}** Generally, the plaintiff must submit expert testimony to establish the standard of care, unless the claim of unprofessional conduct is "within the common understanding of the laymen on the jury." *See McInnis v. Hyatt Legal Clinics*, 10 Ohio St.3d 112, 113 (1984). "The defendant attorney's affidavit may provide a sufficient basis upon which to grant a motion for summary judgment where a plaintiff has failed to present an opposing affidavit of a qualified expert witness to establish the standard of care to support the plaintiff's legal malpractice action." *Morganstern*, *supra*, at ¶37 (citation omitted).

**{¶25}** The affidavit of Attorney Heffter was provided in support of appellees' motion for summary judgment. Attorney Heffter averred that appellant's sanctions for contempt of court were the result of his own conduct and that she had not failed to conform to the standard of care. In his brief in opposition, appellant did not provide an opposing affidavit of a qualified expert.

7

{¶26} Appellant filed lengthy briefs, containing many assertions that were unsupported by the record and rambling arguments not supported by any legal authority. He provided no expert testimony regarding Attorney Heffter's performance as his attorney and failed to establish she engaged in unprofessional conduct that, within the common knowledge of laymen, would be understood as below the accepted standard of a competent attorney. In his brief in opposition, appellant generally references "1,258 pages of evidence," but he does not point to any specific evidence in the record to support his claims of Attorney Heffter's misconduct. As noted by the trial court, appellant has failed to provide counter-evidence demonstrating an issue of material fact to preclude summary judgment in appellees' favor.

{¶27} Appellant's second assignment of error is without merit.

{¶28} The judgment of the Geauga County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

8